UNITED STATES DISTRICT COURT
THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| LENA BOYD, | ) |
| | ) |
|       PLAINTIFF, | ) |
| | ) |
| Vs. | ) Case No.3:13-cv-1162  JPG - DGW |
| | ) |
| MERCHANT CREDIT GUIDE, | ) |
| | ) |
|       DEFENDANT. | ) |

**COMPLAINT AND JURY DEMAND**

NOW COMES the Plaintiff, LENA BOYD, by and through her attorneys, Alleman & Hicks, and for her Complaint against the Defendant, MERCHANT CREDIT GUIDE, for violations of the FAIR DEBT COLLECTIONS PRACTICES ACT, (FDCPA) states as follows:

**JURISDICTION**

1. Jurisdiction of this Court arises under 28 U.S.C. 1331 and 15 U.S.C. 1692k(d) which states that such actions may be brought and heard before "any appropriate United States District Court without regard to the amount in controversy."

2. This action arises from the Defendant's violation of the Fair Debt Collections Practices Act, 15 U.S.C. 1692 et seq (FDCPA).

3. Venue in this District is proper under 28 USC 1391(b) because the acts and transactions occurred here; and the Plaintiff is a resident of Cambria, Illinois.

**PARTIES**

4. The Plaintiff, LENA BOYD, is a natural person who resides in Cambria, County of Williamson, State of Illinois, and is a "consumer" as that term is defined by 15 U.S.C.1692a(3).

5. MERCHANT CREDIT GUIDE, is a collection agency operating from an address of 1308 Illinois 37, West Frankfort, IL 62896 and is a "debt collector" as that term is defined by 15 U.S.C. 1692a(6) and sought to collect a consumer debt from the Plaintiff.

6. The Defendant is a collection agency that in the ordinary course of business, regularly, on behalf of itself or others, engages in debt collection.

## FACTUAL ALLEGATIONS

7.  Prior to January 1, 2013, the Plaintiff, LENA BOYD, incurred a financial obligation to New Horizon medical facility that was primarily personal and is therefore a "debt" as that term is defined by 15 U.S.C. 1692a(5).

8. Prior to January 1, 2013, the Plaintiff. LENA BOYD, incurred a financial obligation to Herrin Hospital for medical treatment that was primarily personal and is therefore a "debt" as that term is defined by 15 U.S.C. 1692a(5).

9. Sometime thereafter the alleged debts were consigned, placed or otherwise transferred to the Defendant, MERCHANT CREDIT GUIDE, for collection from the Plaintiff, LENA BOYD.

10. The Plaintiff, LENA BOYD, is employed part time as a cashier at a convenience store in Carterville, Illinois.

11.  The Defendant, through their duly authorized agent and employee, Julie, contacted the Plaintiff's employer on November 6, 2013 and advised an employee that she was contacting the employer to obtain their address so that their (Defendant's) attorney could send a wage garnishment to them.

12. Said statements were false in that a wage garnishment may **only** be filed after a Judgment has been obtained. A judgment has not been obtained against Lena Boyd by any creditor represented by the Defendant.

13. On November 5 and / or 6th, 2013, the Defendant contacted the Plaintiff on numerous occasions and violated 15 U.S.C. 1692d(6) by placing telephone calls without meaningful disclosure of the caller's identity.

14. The Defendant threatened to file a lawsuit against the Plaintiff if she did not pay the alleged debts – when the Defendant had no intention or authority to file a lawsuit against the Plaintiff.

15. The above actions of the Defendant were false, and intended solely to harass and annoy the Plaintiff.

16. The Defendant violated 15 U.S.C. 1692d by engaging in conduct the natural consequence of which was to harass, oppress and / or abuse the Plaintiff.

17. Due to the illegal acts of the Defendant, the Plaintiff has incurred and suffered mental anguish.

18. The Plaintiff, LENA BOYD, is entitled to and hereby respectfully **DEMANDS TRIAL BY JURY.**

### PRAYER FOR RELIEF

WHEREFORE, the Plaintiff, LENA BOYD, prays that Judgment be entered against the Defendant, MERCHANT CREDIT GUIDE, as follows:

- For an award of actual damages pursuant to 15 U.S.C. 1692(a)(1);

- For an award of statutory damages in an amount of $ 1,000.00 pursuant to 15 U.S.C. 1692(a)(2)(A) for each violation of the Act;

- For an award of costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. 1692k(a)(3);

- For such other and further relief as may be just and proper.

DATED:  November 8, 2013.

/s/ *John D. Alleman*

John D. Alleman
Attorney ID 6202752

ALLEMAN & HICKS
310 E. Main Street
Carbondale, IL 62901
(618) 549-8300 PHONE
Allemanjd@aol.com